UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No.: 0:23-cv-62235-XXXX

17th Judicial Circuit Court, in and for
Broward County, Florida
CASE NO: CACE-23-0 19726

SALVADOR SANO,

    Plaintiffs,

vs.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.

_____/

**PETITION FOR REMOVAL**
**AND INCORPORATED MEMORANDUM OF LAW**

Scottsdale Insurance Company a subsidiary of National Mutual Insurance Company an Ohio profit corporation, through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1391, 1441 and 1446, and Federal Rule of Civil Procedure, Rule 81 (Removed Actions), respectfully requests that this Court remove the instant action, styled, SALVADOR SANO v. SCOTTSDALE INSURANCE COMPANY, Case No. CACE-23-019726, from the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District Court of Florida, and as grounds therefor states as follows:

**GROUNDS FOR REMOVAL**

1.    Pursuant to 28 U.S.C. §1446(a), a true and correct copy all filings contained within the State Court action are attached hereto as composite Exhibit "A". These filings include Plaintiff's complaint, summons and Plaintiff's notices of service of process. Plaintiff's Notice of Intent to Initiate Litigation is attached as Exhibit A." The Property Notice of Intent to Initiate

Litigation (Notice Number 143393) filed with The Florida Department of Financial Services, lists the Presuit Settlement Demand of $154,369.00.  See Exhibit "B." The damages sought as part of this demand total, $149,369.00.00.   Plaintiff's written estimates which supported their demand are attached as Exhibits "C" and "D."  These written estimates are for property damage to the dwelling and emergency mitigation services, respectively.

2. This is a civil action for damages and declaratory relief.  For monetary damages, Plaintiff seeks indemnification for damages for losses as a result of a weather event (the "loss") which occurred on 9/28/2022 while the Policy issued by Defendant to Plaintiff was in effect.  See Paragraph 5 of Plaintiff's Complaint within Exhibit "A."  Plaintiff alleges that Defendant failed to adjust the losses under the policy for property damages.  See Paragraph 8 of Plaintiff's Complaint through Paragraph 10 which alleges that as a result, Plaintiff has suffered damages because of an alleged breach of contract.  The action was filed by Plaintiff on October 16, 2023.  The Defendant was served in this action on November 3, 2023, See attached Service of Process within Exhibit "A."

3. This Petition for Removal is filed within thirty (30) days from the date on which all Defendants were served, i.e., November 3, 2023.  Accordingly, this Petition is timely under 28 U.S.C. §1446(b).

## DIVERSITY JURISDICTION

4. This is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1) and is subject to removal pursuant to 28 U.S.C. §1441(a).  This civil action is between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorney's fees and costs.

5. In this action, Plaintiff seeks recovery for insurance proceeds for property damage from a loss date, a weather event alleged to have damaged Plaintiff's real property insured under a policy of insurance issued by Defendant to Plaintiff.

6. According to the Complaint, Plaintiff, ("Sano"), is a resident of Broward County, Florida by virtue of Plaintiff's property located at 1318 Crossbill Court, Weston, Florida (See Plaintiffs' Complaint, at ¶ 4) and is a citizen of the State of Florida.

7. Defendant, Scottsdale Insurance Company, a subsidiary of Nationwide Mutual Insurance Company ("Defendant"), is an Ohio Corporation within Ohio with a principal place of business in Ohio (See Service of Process) and is a citizen of Ohio.

8. Defendant will give prompt notice upon filing of this Petition for Removal to all parties of record and to the Clerk of the Circuit Court for Broward County, Florida.

## AMOUNT IN CONTROVERSY

9. This is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and is subject to removal pursuant to 28 U.S.C. § 1441(b). This civil action is between citizens of different states, and the matter in controversy far exceeds the sum of $75,000.00, exclusive of interest, attorney's fees and costs. Though the Complaint only states that this is an action exceeding the jurisdictional limit of the Broward County Circuit Court ($50,000.00), the Plaintiff in this matter has previously filed a Notice of Intent to Initiate Litigation demanding damages, exclusive of attorney fees in the amount of $149,369.00 for the property damages and emergency mitigation services allegedly suffered. See Exhibit "B" Notice of Intent to Initiate Litigation.

## MEMORANDUM OF LAW

10. Pursuant to the provisions of 28 U.S.C. § 1332(a)(1):

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states . . .

28 U.S.C. §1441 reads, in relevant part, as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States to the district and division embracing the place in which such action is pending . . . .

> (b) . . . Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

This is an action between citizens of different states; the Defendants is not a citizen of the state in which the action was brought; and there is complete diversity as between the Plaintiff and the Defendant. The matter in controversy is in excess of this Court's jurisdictional amount of $75,000, exclusive of interests, fees and costs; and this Petition for Removal is being filed timely. See Murphy Brothers v. Michetti Pipe Stringing, Inc., 119 S.CT. 1322 (1999).

Federal courts have jurisdiction over controversies between citizens of different states. See Navarro Savings Assoc. v. Lee, 446 U.S. 458, 460 (1980). Furthermore, the demand, exclusive of claims for attorneys fees seeks to resolve the claim is for $149,369.00, which is in excess of the $75,000.00 jurisdictional threshold of this Court.

Although the Complaint does not plead a specific dollar amount demand for damages, where a Plaintiff pleads an unspecified amount of damages, a Defendant need only establish, by a preponderance of the evidence, that the total amount in controversy more likely than not exceeds the jurisdictional threshold. See Leslie v. Conseco Life Ins. Co., 2012 WL 4049965 at 2 (S.D. Fla. 2012)(citing Williams v. MORAN Co., 269 F. 3d 1316, 1319 (11th Cir. 2001)). The sufficiency of

the amount in controversy is determined at the time of removal. Id. The pertinent question is what is in controversy in the case, not how much the Plaintiff is ultimately likely to recover. Id.

When a case is sought to be removed pursuant to 28 U.S.C. § 1446, the moving party may provide additional evidence to satisfy its burden. Id. A Defendant may satisfy this requirement with additional evidence if it is not facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional amount. Id. See, Mick v. De Vilbliss Air Power Co., 2010 WL 5140849 (M.D. Fla. 2010)(holding that generally, defendants can use demand letters as evidence that the case meets the court's jurisdictional requirement and is removable, especially when the demand letters are supported by facts).

Here, the Complaint, together with the estimates for property damages and remedial services are in excess of the jurisdictional amount of $75,000 for diversity jurisdiction, and as such, should immediately be removed.

WHEREFORE, Defendant, Scottsdale Insurance Company, a subsidiary of Nationwide Mutual Insurance Company, respectfully petitions this Court for removal of this action to the United States District Court for the Southern District of Florida, and requests that such removal be hereby effectuated and that this Court take jurisdiction of this action.

Dated this 22nd day of November, 2023.

Respectfully submitted,

By: /s/ *Nancy Stein*
Nancy I. Stein
Florida Bar No. 183555
Email: nstein@milbermakris.com
MILBER MAKRIS PLOUSADIS & SEIDEN, LLP
1900 NW Corporate Blvd. – Suite 440 East
Boca Raton, Florida 33431
Telephone: 561-994-7310
Facsimile: 561-994-7313
*Attorneys for Defendant* Scottsdale Insurance Company

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that we electronically filed a true and correct copy of the foregoing document with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel registered with the CM/ECF system and served to: Kevin Weisser, Esq., Weisser Elazar & Kantor, PLLC, PLLC, [KW@WEKLaw.com ; JK@WEKLaw.com ; Service@WEKLaw.com ] on this 22nd day of November, 2023.

By: /s/ *Nancy Stein*
      Nancy I. Stein
      Florida Bar No. 183555